```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
In re MERGENTHALER
                                                    MEMORANDUM & ORDER
                                                    15-CV-02031(JS)
                                                    15-CV-02032(JS)
                                                    15-CV-02033(JS)
                                                    15-CV-02034(JS)

----------------------------------------X
DEAN OSEKAVAGE d/b/a PATHFINDERS
USA as assignee of Judith Wetzstein,

              Plaintiff-Respondent,

         -against-

PETER MERGENTHALER,

              Defendant-Appelant.
----------------------------------------X
APPEARANCES:
For Appellant:        Peter Mergenthaler, pro se
                      3 Wood Edge Court
                      Water Mill, NY 11976

For Appellee
Andrew M. Thaler:     Andrew M. Thaler, Esq.
                      Thaler Law Firm PLLC
                      675 Old Country Road
                      Westbury, NY 11590

For Appellee
United States
Trustee:              Christine Black, Esq.
                      Office of the U.S. Trustee
                      560 Federal Plaza
                      Central Islip, NY 11572

For Appellee
Dean Osekavage:       Melissa Beth Levine, Esq.
                      Gold Benes LLP
                      1854 Bellmore Avenue
                      Bellmore, NY 11710
```

| | |
|---|---|
| For Appellee Mark A. Cuthbertson: | Mark A. Cuthbertson, Esq.<br>Law Offices of Mark A. Cuthbertson<br>434 New York Avenue<br>Huntington, NY 11743 |

SEYBERT, District Judge:

Pending before the Court is Peter Mergenthaler's ("Appellant") motion seeking a stay pending appeal of four orders issued by Bankruptcy Judge Robert E. Grossman. Appellant filed four separate bankruptcy appeals before the undersigned along with the same order to show cause in each case. Oral argument was held on April 21, 2015. For the foregoing reasons, Appellant's request for a stay is denied and his cases are sue sponte consolidated.

BACKGROUND

Appellant obtained a divorce from his first wife, Judith Wetzstein, in Florida on March 23, 1998. (Compl., Case No. 8-14-74517, Docket Entry 1, at 3.) On that date, Appellant signed a Marital Rights and Property Settlement Agreement (the "Settlement Agreement"), in which he promised to pay certain sums of money to Ms. Wetzstein. (Compl. at 3.) The Settlement Agreement was incorporated into a Florida Divorce Judgment. However, Plaintiff never made any payments under the Settlement Agreement to Ms. Wetzstein. (Order to Show Cause ("OTSC"), Docket Entry 5,[1] Ex.

---

[1] Unless otherwise specified, all references to docket entries correspond to the docket for case No. 15-CV-02034.

2

2.) On July 17, 2006, Ms. Wetzstein assigned the Florida divorce judgment to Dean Osekavage d/b/a Pathfinders USA, a debt collection Company. (Compl. at 4.) Five years later, on November 20, 2011, Ms. Wetzstein sadly committed suicide. (See Decl. of Roger D. Olson, Docket Entry 6, ¶ 3.)

In September of 2011, Osekavage commenced an action in New York State Supreme Court, Suffolk County before Judge Arthur G. Pitts (the "State Court Case") against Appellant and his current wife, Rosemary Mergenthaler, seeking to domesticate the Florida Divorce Judgment. (Compl. at 4.) On April 19, 2012, Judge Pitts granted Osekavage's motion for summary judgment against Appellant and issued an order finding as follows:

> Ordered that the judgment is granted against the defendant Peter Mergenthaler, in the amount of $1,517,508.26, which sum represents the original principle amount of the judgment plus interest from Florida, together with interest now calculated from January 13, 2012, pursuant to a finding that the defendant is in default of his obligations under a "Final Judgment of Dissolution of Marriage" entered on March 23, 1998 by the 15th Judicial Circuit Court, Palm Beach County, Florida.

(Compl. Ex. 1.) On May 3, 2012, based upon the above order, judgment was entered in Osekavage's favor in the amount of $1,560,052.74. (Compl. Ex. 1.)

On March 25, 2014, the Suffolk County Supreme Court appointed Mark A. Cuthbertson, Esq. as receiver of the home in which Appellant lives with his wife, located at 3 Wood Edge Court,

3

Water Mill, NY 11976 ("the Property"). (Declaration of Melissa Levine ("Levine Decl."), Docket Entry 6-2, ¶ 6.) It is undisputed that the Property is solely owned by Appellant's wife, Rosemary Mergenthaler. (Levine Decl. ¶ 6.)

Nevertheless, on December 14, 2014, the New York State Supreme Court issued a judgment against Rosemary Mergenthaler in the amount of $1,658,528.26 and placed a lien on the Property. (Levine Decl. ¶ 5.) The court issued the judgment pursuant to New York Debtor and Creditor Law section 273 based upon a finding that Appellant used monies he should have paid to his ex-wife to acquire and provide upkeep for the Property. (Levine Decl. ¶ 5.)

On July 17, 2014, Cuthbertson--in his role as receiver of the Property--commenced an eviction action against Appellant and his wife. Cuthbertson then entered into a contract to sell the Property for $1,850,000 on August 20, 2014. (Levine Decl. ¶ 9.)

Appellant filed for Chapter 7 bankruptcy on October 10, 2014, listing $0 to $50,000 in assets over $1,000,000 in liabilities. (See Bankruptcy Petition, Case No. 14-74517, Docket Entry 1, at 13.) In his bankruptcy petition, Appellant claimed that he did not own any real property. Dean Osekavage is listed as Appellant's largest creditor in his bankruptcy petition, with a claim of $1,600,000. (Bankruptcy Petition at 19.) Subsequently, Osekavage and Pathfinders USA commenced an adversarial proceeding

4

(the "Adversarial Proceeding") against Appellant on January 5, 2015 to prevent Appellant from discharging Osekavage's judgment. (Levine Decl. ¶ 15.)

In Appellant's Chapter 7 Bankruptcy Action, the Court issued an order lifting the automatic stay with respect to the Property. (Order, Case No. 8-14-74517, Docket Entry 24.) During oral argument, Judge Grossman explained that he was lifting the automatic stay with respect to the Property because Appellant did not have title to the Property. Judge Grossman specifically explained:

> [T]he property at issue here is not property of your estate. You don't own it. You don't have an economic interest in the property. All you may have is a possessory right which allows you to sleep there. You may convince a state court judge not to evict you. You may not. That's the state court. That's not done here. There's nothing for me to do here.

(Levine Decl. Ex. F-1 at 7:15-21.) Judge Grossman subsequently denied three motions filed by Appellant seeking reconsideration of his decision. (Levine Decl. ¶¶ 17, 22, 27.)

In the Adversarial Proceeding, Judge Grossman granted Osekavage's motion for summary judgment on April 3, 2015 and held that (1) "the obligation underlying Plaintiff's judgment was a domestic support obligation," (2) that the obligation was voluntarily assigned to Osekavage by the Appellant's ex-spouse,

and (3) Osekavage's judgment was not dischargeable in bankruptcy. (Levine Decl. Ex. W.)

Appellant filed appeals of the following orders issued by the Bankruptcy Court: (1) the Bankruptcy Court's summary judgment order in the Adversarial Proceeding (Case No. 15-CV-2034); (2) the Bankruptcy Court's order denying Appellant's motion to reconsider the court's decision to lift the automatic stay (Case No. 15-CV-2031); (3) the Bankruptcy Court's order denying Appellant's supplemental motion for reconsideration of the same order (Case No. 15-CV-2032); and (4) the Bankruptcy Court's order denying Appellant's second supplemental motion to reconsider the same order (Case No. 15-CV-2033).

Appellant now seeks to stay execution of the Bankruptcy Court's decisions until his appeals are resolved. (See OTSC at 1-2.) Plaintiff claims that the Bankruptcy Court should not have lifted the automatic stay with respect to the Property and should not have found that Osekavage's judgment was not dischargeable in bankruptcy. Liberally construed, Appellant makes two arguments that apply to both claims: (1) Appellant argues that because Osekavage is a professional debt collector, his judgment is illegitimate and (2) Appellant argues that Osekavage should not be allowed to collect on a judgment against Appellant by levying on a house that only his wife owns. (See OTSC ¶ 25.)

DISCUSSION

I.  Stay Pending Appeal

In deciding whether to grant a stay pending appeal, I must consider the following four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

In re Vytautas Vebeliunas, No. 01-CV-1108, 2002 WL 535503, at *1 (S.D.N.Y. Apr. 10, 2002) (quoting In re Marine Pollution Serv., Inc., 89 B.R. 344, 345 (S.D.N.Y. 1988)); Hirshfeld v. Board of Education, 984 F. 3d 35, 39 (2d Cir. 1993). The party seeking a stay pending appeal bears the burden of proving entitlement to the stay. United States v. Private Sanitation Industry Ass'n of Nassau/Suffolk, Inc., 44 F.3d 1082, 1084 (2d Cir. 1995). The Court will consider each factor in turn.

A.  Irreparable Harm

Appellant argues that he and his wife will suffer irreparable harm because they will be evicted from their home absent a stay. (Reply Br., Docket Entry 8, ¶¶ 38-41.) Osekavage argues in opposition that Appellant's rights will not be affected if the Property is sold because the Property is owned by Appellant's wife. (Opp. Br., Docket Entry 6-45, at 15.) Here,

7

Appellant will undeniably suffer irreparable harm if he is evicted from his home, regardless of the fact that he merely has a possessory interest in the Property. In re Slater, 200 B.R. 491, 495 (E.D.N.Y. 1996) (holding that a litigant would suffer irreparable harm if she was evicted from the home she lived in for twenty years). Plaintiff represented that he has nowhere else to go and he recently declared bankruptcy. Therefore, the Court finds that the irreparable harm factor weighs in favor of Appellant.

    B.    Likelihood of Success on the Merits

"[T]he proper standard governing the strength-of-the-case component of a motion for a stay pending appeal of a bankruptcy court order is 'substantial possibility' of success on the merits--i.e., the same standard utilized on a motion to stay a district court's order pending appeal to the Court of Appeals." In re Gen. Credit Corp., 283 B.R. 658, 660 (S.D.N.Y. 2002). Although Appellant finds faults with four of Judge Grossman's Orders, only two substantive issues are relevant to his appeals: (1) whether the Bankruptcy Court correctly lifted the automatic stay with respect to the Property at issue and (2) whether the Bankruptcy Court correctly decided that Osekavage's judgment is not dischargeable.

        i.    Whether the Bankruptcy Court Properly Lifted the Automatic Stay

The Bankruptcy Court lifted the automatic stay with respect to the Property at issue because it was not part of Appellant's bankruptcy estate. "Section 541 of the Bankruptcy Code provides that the commencement of a bankruptcy case 'creates an estate . . . comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case.'" Bloch v. Bloch, No. 09-CV-3963, 2010 WL 3824125, at *3 (E.D.N.Y. Sept. 23, 2010) (quoting 11 U.S.C. § 541). "Whether or not a debtor has an interest in property sufficient to bring it within the ambit of 'property of the estate' is determined by state law or other applicable nonbankruptcy law." In re Taub, 427 B.R. 208, 219 (Bankr. E.D.N.Y. 2010) (internal citation and quotation marks omitted), aff'd, No., 2011 WL 1322390 (E.D.N.Y. Mar. 31, 2011). "Under New York law, one spouse's rights in marital property owned by the other are inchoate and do not vest until entry of a judgment of divorce." DiGeronimo v. Weissberg, 354 B.R. 625, 637 (E.D.N.Y. 2006). Thus, whether property becomes part of a spouse's bankruptcy estate depends upon who has title to the property when the petition is filed. See Musso v. Ostashko, 468 F.3d 99, 105-06 (2d Cir. 2006) (Under New York law, "[a] spouse without legal title has no interest in marital property prior to obtaining a judgment creating such an interest." (internal citation and quotation marks omitted)).

Here, it is undisputed that the Property at issue is owned by Appellant's current wife, not by Appellant, and Appellant's wife did not file for bankruptcy along with her husband. Therefore, the Bankruptcy Court's decision to lift the automatic stay with respect to the Property was straightforward, and Appellant has not shown that he is likely to succeed on the merits with respect to his appeals related to Judge Grossman's decision to lift the automatic stay.

    ii. <u>Whether the Bankruptcy Court Correctly Decided that Osekavage's Judgment was not Dischargeable</u>

Following a hearing, the Bankruptcy Court decided that Osekavage's state court judgment against Appellant was a domestic support obligation. "Domestic support obligations, such as spousal maintenance and child support . . . are not dischargeable and thus survive the bankruptcy discharge." <u>Bloch v. Bloch</u>, 2010 WL 3824125, at *2; <u>see</u> 11 U.S.C. § 523(a)(5); <u>In re Bezoza</u>, 271 B.R. 46, 51 (S.D.N.Y. 2002). As is relevant to this appeal, the term "domestic support obligation" means:

> [A] debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is (A) owed to or recoverable by (i) a spouse, former spouse, or child of the debtor [that is] . . . . (B) in the nature of alimony, maintenance, or support . . . . [and was] not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the

10

>             spouse, former spouse, child of the debtor, or
>             such child's parent, legal guardian, or
>             responsible relative for the purpose of
>             collecting the debt.

11 U.S.C.A. § 101.

Appellant argues that because Osekavage is a professional debt collector, his state court judgment is not legitimate and is therefore unenforceable. However, Appellant's argument misses the point. The only issue before the Bankruptcy Court with respect to Osekavage's status as a creditor was whether Osekavage's judgment was a domestic support obligation. Under the <u>Rooker-Feldman</u> doctrine, whether the judgments Osekavage was granted in state court were properly obtained is not a question that the Bankruptcy Court--or this Court--has jurisdiction to decide. "[B]ecause only the United States Supreme Court may review a final decision of a state court, federal district courts do not have jurisdiction over claims that have already been decided, or that are 'inextricably intertwined' with issues that have already been decided, by a state court." <u>Bridgewater Operating Corp. v. Feldstein</u>, 346 F.3d 27, 29 (2d Cir. 2003); <u>see</u> <u>Walker v. New York</u>, 345 F. Supp. 2d 283, 289 (E.D.N.Y. 2004) (holding that the <u>Rooker-Feldman</u> doctrine barred the plaintiff's claims because "the relief sought by Plaintiff [was] essentially retrospective: relief from a past judgment ordered against him by the state courts"),

aff'd, 150 F. App'x 28 (2d Cir. 2005). Here, Osekavage obtained a judgment against both Appellant and his wife in state court. This Court will not re-litigate whether those judgment were validly granted in state court. Moreover, Appellant does not raise any specific challenge to the Bankruptcy Court's decision classifying Osekavage's judgment as domestic support obligation. Therefore, it is unlikely Appellant will succeed on the merits with respect to his appeal of the Bankruptcy Court's summary judgment decision.

### iii. Injury to Other Parties

The third element of the analysis looks to the harm that could befall the party opposing the stay. Here, Osekavage's company will suffer some harm if a stay is granted because it will be subject to further delay. Specifically, there is a cash purchaser waiting to take possession of the Property and Osekavage will have to pay additional insurance premiums to keep the property in receivership. (Opp. Br. at 15.)

### C. The Public Interest

The final factor looks to the public interest. 28 U.S.C. § 471 Contemplates the just, speedy, and inexpensive resolutions of civil disputes. This matter has been litigated for the better part of a decade in at least three separate courts. Moreover, judgments have been rendered against both Appellant and his wife. Thus, the public interest will not be served by delaying this dispute any further.

12

D.  Considering the Factors Together

Considering all of the above factors, Appellant has not demonstrated that a stay is warranted pending appeal.  Critically, Appellant has not shown that he is likely to succeed on the merits.  Although eviction is a grave remedy, if Appellant is evicted from his home it will be because he litigated and lost in state court.  This Court will not intervene in state court proceedings when Appellant is not likely to prevail on his appeals.[2]

II. Consolidation

Under Federal Rule of Civil Procedure 42(a), a court may consolidate multiple cases that "involve a common question of law or fact."  FED. R. CIV. P. 42(a).  Courts are empowered to consolidate related cases sue sponte provided that the "savings of expense and gains of efficiency can be accomplished without sacrifice of justice."  Devlin v. Transp. Commc'ns. Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999) (emphasis in original) (quoting Consorti v. Armstrong World Indus., Inc., 72 F.3d 1003, 1007 (2d Cir. 1995));  Johnson v. Celotex Corp., 899 F.2d 1281, 1284–85 (2d Cir. 1990)  Here, although each of Appellant's cases stem from separate orders issued by the Bankruptcy Court, all of the orders

---

[2] Osekavage also argues that two of Appellant's cases should be dismissed because he did not timely file notices of appeal within fourteen days after each order was entered, as required by Bankruptcy Rule 8002(a)(1).  However, the Court need not address the issue of timeliness to resolve Appellant's motions for a stay.

13

(1) relate to the same facts, (2) involve the same parties, and (3) were issued by the same Judge. Indeed, it would be more confusing to allow Appellant's cases to proceed separately than to consolidate them. Therefore, consolidation is appropriate here.

CONCLUSION

For the foregoing reasons, Appellant's request for a stay pending appeal is DENIED and all four of Appellant's matters are <u>sue sponte</u> consolidated into case 15-CV-02034. All future filing related to the pending appeals shall be filed in case 15-CV-02034. The Clerk of the Court is directed the following matters CLOSED: 15-CV-02031, 15-CV-02032, and 15-CV-02033. The Clerk of the Court is further directed to mail a copy of this Memorandum & Order to the <u>pro se</u> litigant.

SO ORDERED.

/s/ Joanna Seybert
Joanna Seybert, U.S.D.J.

Dated: April 29, 2015
       Central Islip, New York